**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2234-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STANLEY RAY,

    Defendant-Appellant.

_____

Submitted November 27, 2018 – Decided January 29, 2019

Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 99-04-0384.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel; William P. Welaj, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from the Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because defendant's petition is time barred under Rule 3:22-12(a)(1) and otherwise lacks merit.

We summarize the relevant facts elicited at defendant's trial, which we set forth at length in our opinion on direct appeal. State v. Ray, Docket No. A-1011-02 (App. Div. Nov. 8, 2004). On January 1, 1999, a fight occurred between Mark Chandler and Ronald Green, Frederic Pate, and Melvin Simmons. In the fight, Chandler sustained a broken arm, jaw, and rib.

Jammal Manning did not witness the fight, but drove defendant home. A few days later, Chandler's sister, Keisha, and their aunt Camilia Jones, went to locate the man who injured her brother. Keisha and Jones saw defendant at a payphone, and defendant asked about Chandler and the men who beat him. Keisha described defendant as a "good friend of her brother's."

Defendant got into the backseat of Keisha's car and stated he wanted to get dropped off at Broadway. As they drove, Keisha spotted Manning and stopped to talk to him. As they spoke, Keisha saw Green walking down the street. They began to argue, and defendant exited the vehicle. Keisha urged

2

defendant to fight Green. Rather than fight Green, defendant took out a gun and shot and killed Green.

Police arrested defendant in North Carolina a few days later. A grand jury indictment charged defendant with murder, possession of a weapon for an unlawful purpose, and unlawful possession of a weapon. At defendant's trial in 2001, Keisha, Jones, and Manning identified defendant as the shooter. Defendant did not testify. After the jury found defendant guilty of all charges, the trial court sentenced defendant to an aggregate prison term of seventy years, with thirty years of parole ineligibility. We affirmed defendant's conviction and sentence on direct appeal in November 2004.

In February 2017, more than fifteen years after his sentencing, defendant filed the petition under review. On November 9, 2017, Judge Sohail Mohammed denied the petition and issued a written decision finding that defendant's petition was both untimely and substantively without merit. The judge determined that defendant's PCR petition was procedurally deficient because he filed it well beyond the five-year time limit and that he failed to assert facts indicating the delay was due to excusable neglect in order to relax the time bar prescribed by Rule 3:22-12(a)(1)(A). Notwithstanding the time bar, the judge then addressed

3

the merits of defendant's petition and found that he failed to demonstrate he received ineffective assistance of counsel.

This appeal followed, with defendant raising the following arguments:

POINT I:

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF, IN PART, ON PROCEDURAL GROUNDS PURSUANT TO RULE 3: 22-12 (a) (1).

POINT II:

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO PURSUE AN ALIBI DEFENSE ON HIS BEHALF.

    A. FACTUAL BACKGROUND

    B. THE POST-CONVICTION RELIEF COURT ERRED BY FAILING TO CONDUCT AN EVIDENTIARY HEARING TO ADDRESS THE DEFENDANT'S CONTENTION THAT HE DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO THOROUGHLY INVESTIGATE HIS POTENTIAL ALIBI DEFENSE AND UTILIZE HIS SISTER AS AN ALIBI WITNESS TO ESTABLISH REASONABLE DOUBT IN THE STATE'S CASE.

A-2234-17T4

In addition, defendant submitted a pro se brief raising the following additional arguments:

POINT I

THE PCR COURT ERRED IN NOT FINDING THAT THE STATE VIOLATED BRADY V. MARYLAND, 373 U.S. 83 (1963), AND THE DISCOVERY RULE BY SUPPRESSING EVIDENCE FAVORABLE TO THE DEFENDANT, I.E., THE WITNESSES['] CRIMINAL HISTORIES/RAP SHEETS, THUS VIOLATING DEFENDANT'S RIGHT TO DUE PROCESS OF LAW.

POINT II

THE PCR COURT ERRED IN DENYING PETITIONER AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ADVISE HIM OF HIS CONSTITUTIONAL RIGHT TO TESTIFY IN HIS OWN DEFENSE.

POINT III

THIS MATTER MUST BE REMANDED FOR A PLENARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE THAT TRIAL COUNSEL'S FAILURE TO IMPEACH THE CREDIBILITY OF THE STATE'S WITNESSES KEISHA CHANDLER, CAMILIA JONES AND JAMMAL MANNING ON THE GROUND THAT ALL THREE WITNESSES HAD PRIOR CRIMINAL RECORDS AT THE TIME THEY MADE THEIR ORIGINAL STATEMENTS TO THE POLICE AND AT THETIME THEY TESTIFIED AT TRIAL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT IV

THE LOWER COURT ERRED IN DENYING DEFENDANT'S PETITION WITHOUT ORAL AR[G]UMENT. THUS, THE LOWER COURT MUST BE REVERSED.

POINT V

DEFENDANT REASSERTS ALL OTHER ISSUES RAISED IN POST[-]CONVICTION RELIEF.

1. The State's failure to turn over Jammal Manning's second statement in which he identified defendant as the shooter, violated defendant's right to due process of law.

2. Defense counsel's failure to impeach the credibility of the State's principal witnesses against defendant,[namely] Keisha Chandler, Camilia Jones, and Jammal Manning, on the ground that all three witnesses had prior criminal records at the time they made their original statements to the police and at the time they testified at trial, constituted ineffective assistance of counsel, although omission is also attributable to the failure of the prosecution to afford defense with a list of the records of criminal convictions of the witnesses it called to testify against defendant. Whether, however, the omission is ascribable primarily to defense counsel's incompetence or the State's failure to provide the discovery material required of it by Rule, its effect in either event was to deprive defendant of his constitutional right to adequate representation of counsel, of his right to meaningfully confront the witnesses against him, and of his right to due process of law.

A-2234-17T4

3. The cumulative impact of exculpatory evidence suppressed by the State was material, in violation of defendant's right, and requires reversal of his murder conviction.

4. The failure of the trial court to merge the [u]nlawful possession of a weapon with the murder count constitutes an illegal sentence-requiring merger.

After carefully considering the record and the briefs, we conclude defendant's arguments lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons stated by Judge Mohammed in his cogent written opinion. We add the following comments.

Our court rules preclude PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . ." R. 3:22-12(a)(1)(A). To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).

Under Rule 1:1-2(a), a court may disregard the time bar when the defendant demonstrates an injustice by a preponderance of the credible

evidence. <u>State v. Mitchell</u>, 126 N.J. 565, 579 (1992). However, courts only relax the time bar in extraordinary or exceptional circumstances, considering "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." <u>Id.</u> at 580. "Absent compelling, extenuating circumstances, the burden of justifying a petition filed after the five-year period will increase with the extent of the delay." <u>Ibid.</u>

Defendant contends he demonstrated excusable neglect, and rigid enforcement of the time bar will result in a fundamental injustice. Specifically, he claims the trial court and counsel failed to advise him he could file a PCR petition within five years of his conviction.

Defendant's sentencing occurred in November 2001. He did not file his PCR petition until February 2017, more than fifteen years later, and well beyond the time bar. Moreover, the court and trial counsel had no obligation to advise defendant of the PCR time limitations or the ability to file a PCR petition in 2001. Defendant's ignorance of the law does not constitute excusable neglect. <u>State v. Murray</u>, 162 N.J. 240, 246 (2000). Therefore, defendant failed to show his delay was due to excusable neglect.

We also agree with Judge Mohammed that, regardless of the time bar, defendant failed to satisfy his burden to show he received ineffective assistance of counsel. In order to establish a prima facie case of ineffective assistance of counsel, a defendant must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). The defendant must then show that counsel's deficient performance prejudiced the defense. Ibid. To show prejudice, the defendant must establish by "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction . . . ." Id. at 58.

"A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief." R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). The court must view the facts "in the light most favorable to defendant." Ibid.

Here, defendant argues that trial counsel was ineffective for failing to investigate and present an alleged alibi witness. "Failure to investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction. Indeed, 'few defenses have greater potential for creating reasonable doubt as to a defendant's guilt in the minds of the jury.'" State v. Porter, 216 N.J. 343, 353 (2013) (citing Mitchell, 149 N.J. Super. at 262). However, "'[w]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.'" Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)); see R. 3:22-10(c).

Defendant claims his attorney failed to speak with his sister about an alibi; however, defendant did not submit a certification or affidavit from his sister nor did he set forth her anticipated testimony. Thus, defendant failed to "assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170-71 (rejecting a petitioner's "bare assertion of an alibi" where he "has not supplied an affidavit or certification of [the witness] that would support petitioner's alibi"); cf. Porter,

216 N.J. at 350 (defendant supported alibi argument with affidavits from himself and the alibi witness).

We further agree with Judge Mohammed's rejection of defendant's remaining contentions without an evidentiary hearing. "[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions." Id. at 355 (quoting Cummings, 321 N.J. Super. at 170). Because defendant failed to "allege specific facts and evidence supporting his allegations," they "'are too vague, conclusory, or speculative to warrant an evidentiary hearing.'" Ibid. (quoting Marshall, 148 N.J. at 158).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2234-17T4